UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-333-MOC-WCM

| | | |
|---|---|---|
| **JOHN D. BABB, et al.,** | **)** | |
| | **)** | |
| Plaintiffs, | **)** | |
| | **)** | |
| vs. | **)** | ORDER |
| | **)** | |
| **WADE HAMPTON GOLF CLUB, INC.,** | **)** | |
| | **)** | |
| Defendant. | **)** | |
| | **)** | |

**THIS MATTER** is before the Court on a Motion to Dismiss the Amended Complaint for Failure to State a Claim by Defendant Wade Hampton Golf Club, Inc. (Doc. No. 13). Defendant moves to dismiss Plaintiffs' claims for tortious breach of contract, fraud, negligent misrepresentation, violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), dissolution, and declaratory judgment. Defendant also moves to dismiss Plaintiff's breach of contract claims except those against Plaintiffs Rice, Gratham, and Beckner.

For the following reasons, the Defendant's Motion is **GRANTED** as to Plaintiffs' claims for tortious breach of contract, fraud, negligent misrepresentation, violation of the UDTPA, dissolution, and declaratory judgment, and these claims will be **DISMISSED**. However, the Court finds that Plaintiffs have adequately stated a claim for breach of contract. Therefore, Defendant's Motion to Dismiss is **DENIED** as to Plaintiffs' breach of contract claims.

In addition, Defendant's prior Motion to Dismiss, (Doc. No. 7), which concerned the original complaint rather than the amended complaint, will also be **DENIED** as **MOOT**.

## I. Background

Plaintiff initiated this action by filing a complaint on November 5, 2021. (Doc. No. 1).

Plaintiffs' Complaint concerns events which arose from Plaintiffs' membership in and voluntary departure from Defendant's golf club. (Id.). Plaintiffs are former members of Defendant's golf club. (Id. at 2–4). Plaintiffs allege that under the bylaws of Defendant's golf club, they are entitled to equity redemption payments from Defendant. (Id. at 2). Plaintiffs filed an Amended Complaint on February 1, 2022. (Doc. No. 10).

Defendant moved to dismiss the Amended Complaint on March 8, 2022, arguing that all but three of Plaintiffs' breach of contract claims should be dismissed as the other claims fail to state a claim upon which relief can be granted. (Doc. No. 13). Plaintiffs responded on April 5, 2022, (Doc. No. 15), and Defendant replied on April 12, 2022, (Doc. No. 16). The matter is ripe for disposition.

**II. Standard of Review**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations

omitted).

## III. Discussion

### *a. Plaintiff's Claims of Tortious Breach of Contract, Fraudulent Misrepresentation, and Negligent Misrepresentation are Barred by the Economic Loss Rule*

The Court finds that Plaintiffs' claims for tortious breach of contract, fraudulent misrepresentation, and negligent misrepresentation are barred by the economic loss rule. As the Fourth Circuit recently highlighted, "North Carolina law requires courts to limit plaintiffs' tort claims to only those claims which are identifiable and distinct from the primary breach of contract claim." Legacy Data Access, Inc. v. Cadrillion, LLC, 889 F.3d 158, 164 (4th Cir. 2018) (quoting Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 346 (4th Cir. 1998)); see also Kerry Bodenhamer Farms, LLC v. Nature's Pearl Corp., No. 16 CVS 217, 2017 WL 1148793, at *7 (N.C. Super. Mar. 27, 2017) (North Carolina courts "have long limited the circumstances under which an ordinary contract dispute can be transformed into a tort action" to preserve contracting parties' legitimate expectations). Thus, an action in tort must be grounded on violation of a distinct duty to the plaintiff and "not a violation of a duty arising purely from 'the contractual relationship of the parties.'" Id. (quoting Roundtree v. Chowan Cnty., 796 S.E.2d 827, 831 (N.C. Ct. App. 2017)). This principle is known as the economic loss rule. Id. The Fourth Circuit has repeatedly rejected attempts by plaintiffs to maintain tort actions for breach of contract where the basis for those tort actions arises out of the same harm underlying the breach of contract action. Id. at 164–65 (citing Broussard, 155 F.3d at 346). See also Strum v. Exxon Co., 15 F.3d 327, 329 (4th Cir. 1994).

All of Plaintiffs' claims stem from the same alleged facts as Plaintiffs' breach of contract claim. (Doc. No. 13-2 at 14). Although Plaintiffs do allege intentional deception relating to repayment schedules, (see Doc. No. 10 at 14–17), this still ultimately relates to the contractual

disagreement between Plaintiffs and Defendant—namely, the timing of breach and the circumstances giving rise to Defendant's obligation to pay equity redemption payouts. The Court takes this view because the parties simply disagree about when the obligation to pay out equity redemption payments arises. Plaintiffs view the obligation as coming to fruition when an existing member is converted to full regular member status, (see Doc. No. 10 at 10–11), whereas Defendant views the obligation coming to fruition when the Club brings in a member who is wholly new to the club (i.e., not an existing member being converted to full regular member status). (Doc. No. 13-2 at 5).

Thus, the dispute boils down to a difference in contract interpretation, and Defendant at most breached a contractual duty owed to Plaintiffs. This is at core a contract dispute, and the economic loss rule prohibits piling tort claims on top of breach of contract claims where the breach of contract claim is the substance of the dispute, see Legacy Data Access, Inc., 889 F.3d at 165. Therefore, the Court finds that the rule operates in this instance to bar Plaintiffs' tort claims for breach of contract, fraud, and negligent misrepresentation. Thus, the Court will dismiss those claims.

*b. Plaintiffs fail to State a Claim Under the North Carolina Unfair and Deceptive Trade Practices Act*

Plaintiffs' claims under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") will also be dismissed. A breach of contract standing alone is not sufficient to maintain a UDTPA action. Foodbuy, LLC v. Gregory Packaging, Inc., 987 F.3d 102, 121 (4th Cir. 2021) (stating that "a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under the UDTPA") (internal references omitted). A party can only maintain a UDPTA action alongside a breach of contract claim if it shows "substantially aggravating and egregious circumstances attending the breach." Id. ("North Carolina courts have consistently held

that a party may demonstrate and prove [a UDTPA] claim in conjunction with a breach of contract claim if it can show substantially aggravating and egregious circumstances attending the breach."). Typical examples of "substantially aggravating and egregious circumstances" include actions such as lying and concealing a breach combined with acts to deter further investigation or intentional deception for the purpose of continuing to receive the benefits of an agreement. Id. The Court finds that such circumstances are not present in this case.

*c. Plaintiffs Fail to State a Claim for Dissolution*

Plaintiffs' claim for dissolution will be dismissed because Plaintiffs have failed to state a claim for dissolution.[1] Defendant is correct in its assertion that the North Carolina statute authorizing dissolution of a corporation, which Plaintiff relies on, authorizes actions for dissolution only by members or directors. The statute authorizes a court to dissolve a corporation if certain conditions are met and a suit is brought by a "member or director" of the corporation. N.C. GEN. STAT. § 55A-14-30. See Speaks v. U.S. Tobacco Coop., Inc., 324 F.R.D. 112, 133 (E.D.N.C. 2018) ("the dissolution statute at issue, N.C. Gen. Stat. § 55A-14-30, is unambiguous"), rev'd in part sub nom. Sharp Farms v. Speaks, 917 F.3d 276 (4th Cir. 2019). Defendant appears to be correct that Plaintiffs are former members—indeed, Plaintiffs say as much in their Amended Complaint. (Doc. No. 13-2 at 22–23, citing Doc. No. 10 at 1). Therefore, Plaintiffs do not appear to have standing to seek dissolution under North Carolina law.

However, Plaintiffs ask the Court to consider them members for the purposes of dissolution because they have made equity payments to Defendant which have not been returned. (See Doc.

[1] The parties dispute whether this Court has authority to dissolve a corporation under North Carolina law under a North Carolina statute which empowers "superior courts" to do so (Doc. No. 13-2 at 22–23; Doc. No. 15 at 23–24). The Court declines to reach the issue of whether it can properly dissolve Defendant because Plaintiffs fail to state a claim for dissolution.

No. 15 at 23–24). The Court declines to do so because it finds that, while Plaintiffs may have stated a valid claim for damages against Defendant, they are not operating as members of Defendant but rather as opposing parties dealing at arm's length.

But even assuming Plaintiffs are members, Plaintiffs fail to state a claim for dissolution. Dissolution is an extreme remedy, and Plaintiffs have not pled adequate facts to show that dissolution is warranted. Though Plaintiffs do allege financial mismanagement stemming from debt obligations related to Club improvements, (see Doc. No. 10 at 12–13), these allegations do not rise to the level of the statutory criteria for dissolution. Plaintiffs do allege financial mismanagement including cost overruns on Club improvements, see id., but the statute authorizing dissolution allows such when "[t]he directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent." N.C. GEN. STAT. § 55A-14-30(a)(2)(b). Plaintiffs allege that Defendant acted in a manner that fits all three criteria, (see Doc. No. 16 at 24), but the Court finds that Plaintiffs have failed to plead facts showing that Defendant's behavior rose to these statutory criteria. See Speaks, 324 F.R.D. at *145–46 (noting the statutory criteria for dissolution of "illegal, oppressive, or fraudulent" behavior is more demanding than a simple "unreasonable" standard). Even if Defendant did, in fact, violate the contract, that would hardly amount to the kind of extreme and/or illegal behavior that the N.C. dissolution statute requires for dissolution.

*d. The Court Declines to Issue a Declaratory Judgment*

The Court declines to issue a declaratory judgment in this case. Because the alleged breach of contract has already occurred, the Court finds that Plaintiffs have failed to plead facts justifying declaratory relief under the Declaratory Judgment Act. To justify the granting of declaratory relief, "[t]he disagreement must not be nebulous or contingent but must have taken on fixed and final

shape so that a court can see what legal issues it is deciding […] and some useful purpose to be achieved in deciding them." Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 244 (1952) (emphasis added). While the legal issues in the present case are not nebulous or contingent, the Court sees no useful purpose to be achieved in granting declaratory relief. If Plaintiffs succeed on their breach of contract claims, any damages arising from those claims will be of more benefit to Plaintiffs than a declaratory judgment would be. If Plaintiffs' breach of contract claims fail, then they would be unable to obtain a declaratory judgment because, as explained above, this dispute essentially boils down to a breach of contract case. Further, Plaintiffs' claim for declaratory relief is plead in the alternative to their breach of contract claims, but the Court declines to dismiss those breach of contract claims so a declaratory judgment does not appear to be appropriate here.

*e. There are Genuine Issues of Material Fact on the Timing of Breach and Statute of Limitations Issue, Precluding Dismissal at this Time*

The Court finds that there is factual uncertainty as to both the specific date the alleged breach occurred and as to when the statute of limitations should have begun running on Plaintiffs' breach of contract claims. These factual uncertainties cannot be resolved at this time, and therefore Plaintiffs' breach of contract claims must survive Defendant's motion to dismiss.[2]

The Court finds that there is uncertainty as to the specific date of the alleged breach of contract. Plaintiffs construe the breach as occurring when the Club failed to pay redemption amounts upon the conversion of existing members to full member status, and by failing to move Plaintiffs up in the ranking list upon such conversions. (Doc. No. 10 at 21.). Defendant argues that, under the Plaintiffs' understanding of the contract, the Club was in breach as early as 2012, and that the Club was in breach in relation to each Plaintiff on the date that such Plaintiff resigned their

[2] The Court will evaluate Plaintiffs' arguments related to improper amendment of the contract as part of the breach of contract claim, and these arguments survive this motion to dismiss.

club membership. (Doc. No. 13-2 at 10–11). The Court finds that there is factual uncertainty as to when the Club could be construed as being in breach of the contract. For example, the Club may have been in breach:

1. upon refusing to move each Plaintiff up the equity redemption payout list each time an existing member was converted to full member status;
2. upon refusing to pay out an equity redemption payment to a Plaintiff who would have been eligible for one had they been moved up the list each time an existing member was converted to full member status; or
3. when it suspended equity redemption payments.

This uncertainty as to the timing of breach constitutes a factual issue which the Court cannot resolve at this time.

The Court further finds that there is uncertainty as to when the statute of limitations period began to run. Defendant argues that 11 of the 14 of Plaintiffs' breach of contract claims are barred as the statute of limitations for a breach of contract action had expired before the instant action was filed, with each of Plaintiff's breach of contract claim becoming actionable on the day of their resignation. (Doc. No. 13-2 at 9–11). Defendant argues that the remaining three plaintiffs would have had to resign earlier than November 5, 2018, for their claims to survive the statute of limitations. (Id. at 11). Plaintiffs argue that even if Defendant was in breach on the day of each Plaintiff's resignation, Plaintiffs were not aware of the breach because of Defendant's actions and the statute of limitations does not begin running until the Plaintiffs were aware or should have been aware of the breach. (Id. at 6, citing Chisum v. Campagna, 376 N.C. 680, 702 (2021)). The Court finds that there are genuine issues of material fact as to when Plaintiffs knew or should have known of the alleged breach and, therefore, when the statute of limitations begun running.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. No. 13) is **GRANTED** as to the following claims: tortious breach of contract, fraudulent misrepresentation, negligent misrepresentation, violation of the North Carolina Unfair and Deceptive Trade Practices Act, dissolution, and declaratory judgment. However, the Motion is **DENIED** as to Plaintiffs' breach of contract claims. In addition, Defendant's prior Motion to Dismiss, (Doc. No. 7), which concerned the original Complaint rather than the Amended Complaint, is **DENIED** as **MOOT**.

Signed: July 13, 2022

Max O. Cogburn Jr.
United States District Judge