IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00333-MOC-WCM

| | |
|---|---|
| JON D. BABB, <br> GEORGE G. KITCHENS, <br> CARL BAILEY, <br> PAUL NEELY, <br> MICHAEL F CORCORAN, <br> THOMAS T. MCCOY TRUST, <br> PHIL O. NELSON, <br> PATRICK G. RENN, <br> EUGENE A. RICE, JR., <br> GEORGE E. SUMMERS, <br> WAYNE C. BECKNER, <br> SAMUEL C. BOWYER <br> *as Personal Representative of* <br> *the Estate of* <br> *James W. Bowyer*, and <br> MARK E. GRANTHAM, <br><br> Plaintiffs, <br><br> v. <br><br> WADE HAMPTON GOLF CLUB, INC., <br><br> Defendant. | ORDER |

This matter is before the Court on the filing of a "Joint Memorandum re: Status of Discovery Dispute" (Doc. 28).

On March 31, 2023, Plaintiffs filed "Plaintiffs' Request for Conference with Magistrate" (the "Request," Doc. 27). Plaintiffs stated, in summary, that they had served Defendant with document requests in late July 2022 and that

1

Defendant had continued to delay production of responsive documents, had ultimately failed to make a supplemental production notwithstanding a prior promise to do so, and had now disclaimed knowledge of that promise. Doc. 27 at ¶ 20. Plaintiffs therefore requested a discovery conference before filing any motion to compel. Id. at ¶ 21.

However, Plaintiffs added a final paragraph which said: "Plaintiffs further reserve the right to raise any issue in their motion to compel based upon deficiencies in the Club's document responses (beyond the failed supplemental production), including but not limited to (i) any of the 11 items raised in Plaintiffs' counsel's letter dated December 21, 2022, (ii) any of the matters raised in the Club's counsel's January Letter, (iii) the Club's failure to produce a privilege log, and/or (iv) any other deficiency in the Club's production." Id. at ¶ 22.

Because the Request suggested that the parties' dispute primarily centered on Defendant's alleged failure to make a supplemental production, the undersigned closely considered denying the Request and allowing Plaintiffs to proceed to file an appropriate motion to compel. Based primarily on Plaintiffs' closing statement, though, the undersigned granted the Request, scheduled a discovery conference for April 7, 2023, and directed the parties to file, before NOON on April 6, 2023, "a joint memorandum, limited to three (3) pages, setting out the status of the subject discovery disputes."

The parties made a timely filing on April 6. However, that submission was not in compliance with the Court's directions and otherwise raises concerns as to whether Court intervention is appropriate at this time.

First, though it is styled as a "joint memorandum," the parties filing consists of two separate submissions – 1) an email from Plaintiffs' counsel, which is attached as Exhibit A, that includes 11 disputed discovery topics and 2) a response section by defense counsel. That is, rather than preparing a joint memorandum, it appears that Plaintiffs merely sent a list of issues to Defendant, which Defendant filed along with its response.

Second, the filing does not comply with the express page limitation set by the Court. Plaintiffs' portion of the filing is approximately two pages (single-spaced); Defendant's section covers approximately 3 ½ pages.

Third, and more substantively, the filing reveals that the parties have not sufficiently discussed the disputed issues. Defendant, for example, responds to Issues 1, 2, 3, 4, 5, 6, 7, 9 and 10 but has provided no position with regard to Issues 8 and 11. In addition, with respect to Issues 1, 4, 6, and 10, Defendant states that "the documents sought by Plaintiffs simply do not exist," yet it is not clear from the filing whether Plaintiffs accept this position such that these issues are now resolved.

The Court is available to assist with the resolution of the parties' discovery issues, either through a discovery conference or through motions

practice, as may be warranted. However, under the circumstances, the undersigned is not persuaded that scarce judicial resources should be expended to address these matters further until the parties have discussed them in more detail.

Accordingly, the discovery conference, which was previously scheduled for April 7, 2023, is **HELD IN ABEYANCE**. Plaintiffs are welcome to file a request that the conference be rescheduled, provided that any such request may only be submitted after the parties 1) have fully and reasonably discussed all issues in dispute,[1] and 2) have submitted a joint memorandum, not to exceed three (3) pages, briefly describing each side's position on each remaining issue.

It is so ordered.

Signed: April 7, 2023

W. Carleton Metcalf
United States Magistrate Judge

---

[1] Counsel are strongly encouraged to conduct these discussions by telephone, videoconference, or in person, and not solely via written communication.