IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00333-MOC-WCM

| | |
|---|---|
| JON D. BABB,<br>GEORGE G. KITCHENS,<br>CARL BAILEY,<br>PAUL NEELY,<br>MICHAEL F CORCORAN,<br>THOMAS T. MCCOY TRUST,<br>PHIL O. NELSON,<br>PATRICK G. RENN,<br>EUGENE A. RICE, JR.,<br>GEORGE E. SUMMERS,<br>WAYNE C. BECKNER,<br>SAMUEL C. BOWYER<br>*as Personal Representative of*<br>*the Estate of*<br>*James W. Bowyer*, and<br>MARK E. GRANTHAM,<br><br>    Plaintiffs,<br><br>v.<br><br>WADE HAMPTON GOLF CLUB, INC.,<br><br>    Defendant. | ORDER |

  This matter is before the Court on a motion to compel filed by Plaintiffs (the "First Motion to Compel," Doc. 34) and a second motion to compel also filed by Plaintiffs (the "Second Motion to Compel," Doc. 43).

1

I. Background

The relevant procedural background appears in the undersigned's Order addressing Plaintiffs' Motion to Amend, which Order is being filed simultaneously herewith.

II. Discussion

The topics covered by the instant Motions were presented briefly during discovery conferences with the undersigned. The Motions were subsequently filed after the parties were not able to resolve those issues. Unfortunately, the briefing of the Motions has not been robust. While brief descriptions of discovery conflicts are often sufficient for the purposes of informal discovery conferences, when discovery disputes are the subject of contested motions practice, more is required. In this context, the Court has closely considered whether to deny the Motions without prejudice subject to refiling. However, in an effort to assist the parties in concluding this portion of the litigation, the Court has addressed the merits of the Motions.

### A. The First Motion to Compel

This Motion pertains to Plaintiffs' objections to Defendant's responses to Plaintiffs' document requests.

An initial challenge is determining the specific documents to which Plaintiffs intend for this Motion—which is approximately three pages long and does not include a supporting memorandum—to apply.

Beyond that, Plaintiffs request that the Court compel "the Club's document production without any redactions" and "the production of requested financial documents." Doc. 34 at 1. Plaintiffs, though, make references to Defendant's redactions only in general terms. Id. at 3. Further, Plaintiffs have attached examples of documents that have been redacted, but do not discuss them in detail. In addition, Plaintiffs have not provided the Court with a copy of Defendant's responses to Plaintiffs' document requests or identified the specific requests they now ask the Court to enforce.

Defendant's response focuses on two issues: 1) Defendant's redaction of the names of its members and 2) Defendant's production of redacted financial records.

On this record, the Court construes the First Motion to Amend as presenting only these two (2) items.

### 1. Identity of Members

Plaintiffs state that Defendant responded to Plaintiffs' document requests on October 24, 2022, produced documents that contained numerous redactions on November 3, 2022, and served a supplemental document production with fewer redactions on April 4, 2023. Plaintiffs take issue with the redactions, arguing that without the members' names it is difficult to analyze information about members' movements between membership categories, and that Plaintiffs cannot tell who they might wish to depose.

3

In response, Defendant states that on May 30, 2023 it "produced to Plaintiffs a list of all current and former members of the Club, each identified by a unique Member ID." Doc. 37 at 2. Defendant also states that it has "provided Plaintiffs with a copy of the Priority List with Member IDs inserted" and that between these items, "Plaintiffs can see when a member joined, their class of membership, and whether they received (or are still owed) a redemption payment." Id.

Plaintiffs reply that Defendant's document production is unworkable—for example, in some cases a name appears without an accompanying member number—and requires Plaintiffs to attempt to cross reference member numbers through 1500 pages of documents. See Doc. 39.

The undersigned is not entirely persuaded by Defendant's position. Defendant argues generally that it should not be required to disclose the names of its members so that the members' privacy can be protected but it does not cite to any particular authority that would indicate the members' names should be considered confidential.

Also, Defendant has not filed a motion for a protective order, or taken Plaintiffs up on their offer for the parties to present a joint consent protective order under which this information may be produced.

In addition, one of the exemplar documents submitted by Plaintiffs, (Doc. 34-1) – consistent with Plaintiffs' description that in some instances a name

4

appears in the documents without an accompanying member number – appears to show a list of initiation fees sorted by date and the initials of the associated members but does not include the members' identification numbers.

Therefore, Defendant will not be required to disclose all of its members but will be directed to produce a list of those members whose membership interests are relevant to Plaintiffs' breach of contract claim.

### 2. Financial Documents

Next, Plaintiffs argue that Defendant should be required to produce its financial records without redactions.

Defendant responds that those materials, and how Defendant treated its equity redemption obligations in its records, are irrelevant and, in the alternative, that requiring Defendant to produce unredacted copies of its financial records is not proportional to the needs of the case. Doc. 37.

The undersigned agrees that a complete and unredacted set of Defendant's financial records would not be proportional to the needs of this matter. However, records reflecting Defendant's treatment of its equity redemption obligations are relevant to Plaintiffs' existing claim.

### B. The Second Motion to Compel

This Motion involves a dispute over testimony and materials associated with a deposition of Defendant taken by Plaintiffs pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

### 1. Production of Past Versions of the Bylaws

On July 5, 2023, defense counsel filed a notice stating that, upon further consideration, Defendant had produced, "all past versions of Bylaws," such that this issue has been resolved. Doc. 46. Plaintiffs have not challenged this position, and therefore this portion of the Second Motion to Compel is moot.

### 2. Testimony as to Which Bylaws Apply to Each Plaintiff's Claim

Plaintiffs argue that Defendant, in conformity with Topic 9 in Plaintiffs' Rule 30(b)(6) Deposition Notice, should be directed to identify the version of the Bylaws that Defendant believes applies to each Plaintiff's claims. Doc. 43 at 3.

Defendant responds that Plaintiffs are essentially, and improperly, asking for Defendant's work product. Doc. 44 at 3.

Defendant has not sufficiently explained why the information Plaintiffs seek should be characterized as work product.

However, Plaintiffs' request suffers from a more practical problem; Plaintiffs have failed to provide the Court with a sufficient record upon which it can determine if Defendant's witnesses were asked to testify about this topic and, if so, either refused to do so or gave inadequate answers. While Plaintiffs have submitted various deposition excerpts in support of this Motion, Plaintiffs do not cite to any of those excerpts in relation to this issue.

### 3. Production of Two Documents "Used" at the Deposition

Plaintiffs contend that one of Defendant's 30(b)6) witnesses had two documents – an alphabetized member list and a document prepared by counsel that listed materials responsive to the deposition topics. Plaintiffs state that these documents have not been produced and request that the Court order their production. Doc. 43 at 3.

Defendant contends that Plaintiffs are not entitled to either document. Defendant argues that producing the member list, which was a table that matched a member to his or her unique member number, would reveal the identity of every single member of the Club. Defendant contends that the second document was prepared by defense counsel to assist Defendant's 30(b)(6) designees in responding to the numerous deposition topics. Doc. 44 at 3-4.

When a witness uses a writing to refresh his or her memory *while testifying*, Rule 612 of the Federal Rules of Evidence gives an adverse party the opportunity to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. Fed. R. Evid. 612(a)(1), (b).

These options are also available to an adverse party when a witness uses a writing to refresh his or her memory *before testifying*, if the court decides that justice so requires. Fed. R. Evid. 612(a)(2).

7

The production of documents can also implicate Rule 26(b) of the Federal Rules of Civil Procedure, which permits "discovery regarding ... nonprivileged matter that is relevant to any party's claim or defense ...." Johnson v. Baltimore Police Dep't, No. ELH-19-698, 2021 WL 1985014, at *1 (D. Md. May 18, 2021) quoting Fed. R. Civ. P. 26(b)(1)).

In this case, the entirety of Plaintiffs' description of and argument about this issue consists of five typed lines in their Motion and two typed lines in their Reply. Plaintiffs cite no authority to support this request.

Further, while Plaintiffs have provided approximately three pages of excerpts from the deposition testimony of Defendant's witness John Foster, Doc. 43-5, these excerpts do not show that Mr. Foster actually reviewed the subject documents to refresh his recollection, either while testifying or before testifying. Rather, Mr. Foster stated that he did not review the member list and had not read the counsel prepared document.

The undersigned expresses no opinion about whether, on a different record and with more complete argument by the parties, Defendant's objection to the production of these items would have been sustained, but Plaintiffs' current showing does not provide a sufficient basis for the Court to order the production of these materials.

### 4. Identification of Persons Defendant Knows Were Aware that Equity Redemptions Were Not Paid Following Conversions

Plaintiffs state that Defendant's witness testified that Defendant did not know, or could not identify, persons who knew prior to the filing of the litigation that Defendant was not paying equity redemptions following conversions. Plaintiffs contend that Defendant's witness was not prepared to testify as to this topic and request that the Court preclude Defendant's witnesses from testifying on this issue, or alternatively require Defendant to prepare and produce a witness to answer this question in advance of trial. Doc. 43 at 3.

Defendant's approximately four line response is essentially that a Rule 30(b)(6) designee must testify about information that is known or reasonably available to the organization and that Defendant is unaware of any authority obligating a designee to know things "which are, by definition, unknowable,…." Doc. 44 at 4.

Defendant is correct, of course, that its witnesses cannot be expected to testify regarding information that is "unknowable"; at the same time, the witnesses could have testified, for example, as to whether the organization advised other persons about equity redemptions.

However, again, the transcripts that have been provided do not indicate that Plaintiffs attempted to explore that issue and the undersigned is not persuaded that the deposition should be re-opened for that purpose.

### 5. Disclosure of Whether Defendant Notified its Members that Equity Redemptions Were Paid after the Suspension of Equity Redemptions Was Lifted

Plaintiffs argue that Defendant's witness was not prepared to testify as to Topic 12, which referenced "[a]ny communication or other notice to existing or resigned members of the Club . . . informing the member of . . . the payment of an equity redemption to a resigned member." Doc. 43 at 4.

Defendant responds that "Plaintiffs are asking this Court to compel Defendant to answer a question which Plaintiffs' counsel never asked" and contend that Plaintiffs have not met their burden of showing that Defendant's designee was unprepared on this topic. Doc. 44 at 4.

Having reviewed the deposition excerpts submitted by Plaintiffs, the Court agrees with Defendant and will deny the Motion as to this issue.

### 6. Production of Documents and Information from Defendant's Board Members

Plaintiffs argue that Defendant failed to "search Board emails for responsive documents to Plaintiffs' discovery requests," that such materials were covered by Plaintiffs' requests, and that documents should be produced from Defendant's representatives. See Doc. 43 at 4.

In response, Defendant argues, among other things, that Plaintiffs improperly seek "to compel the production of documents based upon a notice of 30(b)(6) deposition." Doc. 44 at 4-5.

This request will be denied. The Court agrees with Defendant that Plaintiffs appear to be asking the Court to order Defendant to supplement its responses to document requests that were propounded pursuant to Rule 34. Plaintiffs have submitted copies of their First Set of Requests for Production (Doc. 43-3) and First Set of Interrogatories and Second Set of Document Requests (Doc. 43-4) but have not identified the specific requests they seek to enforce or provided Defendant's responses to those requests.

Further, if Plaintiffs wish to have documents produced pursuant to Rule 612 of the Rules of Evidence, they have not made any showing that Defendant's witness relied on those documents.

### 7. Disclosure of Non-Privileged Communications Made During Executive Sessions

Topic 8 of the 30(b)(6) notice read as follows:

> 8. All documents and/or communications establishing or relating to the Club's interpretation and/or understanding of whether or not the Bylaws required the payment of an equity redemption to a resigned member when an existing member of the Club transferred and/or converted his membership to the class of Full Regular Member or Provisional Regular Member.

11

Defendant's witness testified as follows:

```
7    Q. Excluding all of those, is it possible that
8    there were ever executive sessions that discussed the
9    equity redemption issue as it relates to conversions?
10   A. Yes.
11   Q. Okay. You just told me it's possible. Now,
12   can you remember specifically if it ever happened,
13   excluding the Womble firm or Hall Booth Smith firm?
14   A. No.
15   Q. Okay, so at this point, you know it's
16   possible, you just can't remember specifically?
17   A. Correct.
```

Doc. 43-1 at 4.

Plaintiffs argue that this testimony is not sufficient, and that Defendant must produce a witness who can testify about whether the issue of conversion-triggered equity redemptions was discussed during executive sessions.

Defendant responds that its witness testified at first only that it was "possible" certain communications took place during an executive session, that Plaintiffs' counsel failed to nail down whether, in fact, such communications actually took place, and that Plaintiffs should not get a second bite at this apple. Defendant also states that Rule 30(b)(6) does not require perfection. Doc. 44 at 5.

This issue does not pertain to communications that may be privileged; Defendant's witness recalled responsive communications taking place during executive sessions where counsel was present, but counsel for both sides agreed to exclude those from the scope of Plaintiffs' inquiry. Also, Defendant does not

12

argue that testimony about communications made during executive sessions while counsel was not present are beyond the scope of Topic 8.

While the excerpts submitted do not indicate that Plaintiffs' counsel asked the witness if a search had been made for these items, inquired about the witness' preparation on this topic, or made it clear that the witness was being asked to testify on behalf of Defendant and not from only his personal recollection, it is appropriate to give Plaintiffs a limited opportunity to explore whether such communications—which the witness indicated could exist—were in fact made.

### 8. Disclosure of Conversions that Occurred Before 2010 and on Which Defendant Relies

Plaintiffs argue that Defendant "is relying upon Conversions before 2010 that did not trigger an equity redemption, but the Club could not identify these Conversions" and that, while Defendant has said this information is included in its document production, Defendant's information only covers conversions occurring on or after November 8, 2010, such that relevant information concerning these earlier conversions must be provided. Doc. 43 at 5.

Defendant responds that it has provided this information and that Norris, Defendant's second 30(b)(6) designee, who has worked for Defendant nearly since its inception, testified at length about events—including conversions—prior to 2010. Doc. 44 at 5.

13

Plaintiffs reply that Defendant "completely ignores page 9 of the Norris 30(b)(6) deposition where she stated she could not remember conversions between 2005 and 2010 and would need to research them." Doc. 45 at 3.

The deposition excerpts Plaintiffs have submitted indicate that Defendant's witness testified that two conversions occurred in 1997 and two in 1998. Later, though, the witness testified she did not know when the first conversion occurred and "would have to research to see when the conversions after '97 and '98 took place," though she didn't "believe there was a conversion, to [her] knowledge before 2005." Doc. 43-2.

Given these somewhat equivocal answers, Plaintiffs should be given an opportunity to follow up briefly.

**IT IS THEREFORE ORDERED THAT:**

A. With respect to the First Motion to Compel (Doc. 34):

1. The Motion is **GRANTED IN PART** as follows:

    a. Defendant is directed to produce a list of those members whose membership interests are relevant to Plaintiffs' breach of contract claim. The list must show both the member's name and his or her membership number.

> b. Defendant is directed to produce its financial records that show how Defendant has treated its equity redemption obligations.
>
> 2. Otherwise, the Motion is **DENIED**.
>
> B. With respect to the Second Motion to Compel (Doc. 43):
>
> 1. The Motion is **DENIED AS MOOT** as it pertains to the production of past versions of the Bylaws.
>
> 2. The Motion is **GRANTED IN PART** as follows:
>
>> a. Plaintiff is given leave to take additional deposition testimony from Defendant pursuant to Rule 30(b)(6), not to exceed one (1) hour (on the record) regarding the following issues:
>>
>>> i. Any discussion of conversion-triggered equity redemptions that occurred during executive sessions outside the presence of counsel; and
>>>
>>> ii. conversions that were made before 2010.

3. Otherwise, the Motion is **DENIED**.

Signed: August 15, 2023

W. Carleton Metcalf
United States Magistrate Judge