UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00333-MOC-WCM

| | |
|---|---|
| JOHN D. BABB, ET AL., | ) |
| Plaintiffs, | ) |
| Vs. | ) **ORDER** |
| WADE HAMPTON GOLF CLUB, INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiffs' motion for summary judgment in full and leave for same. (Doc. No. 74). Defendant opposes Plaintiffs' motion. (Doc. No. 81).

I.  **Background**

This is a contract action brought against a golf club by resigned members of the club, who claim that Defendant club violated its bylaws by failing to redeem Plaintiffs' equity upon their resignation. This Court previously granted Plaintiffs' motion for partial summary judgment as to liability only, finding that Defendants were liable for breach of contract for an amount of damages to be determined at trial. (Doc. No. 69 at 10). Plaintiffs now seek leave to move for summary judgment in full, claiming that no factual dispute (i.e., dispute regarding the amount of damages) remains for trial. (Doc. No. 74 at 1). Defendant urges the Court to deny Plaintiffs leave to file a second summary judgment motion. (Doc. No. 81).

According to the Court's pretrial order and case management plan, motions were due no later than July 5, 2023. (Doc. No. 31). Plaintiff filed their second summary judgment motion on March 20, 2024, more than eight months after the motions deadline. (Doc. No. 74).

1

## II. Legal Standard

The question presented by Plaintiff's request for leave to file a second summary judgment motion is whether the Court's scheduling order can or should be modified. The Federal Rules of Civil Procedure permit such modification "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking leave to file a late motion, or for modification of the scheduling order, bears the burden to show good cause. United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007); Belcher v. W.C. English Inc., 125 F. Supp. 3d 544, 548 (M.D.N.C. 2015).

## III. Analysis

Plaintiffs bear the burden to show good cause why the Court's scheduling order should be modified, and Plaintiff's late summary judgment motion permitted. Plaintiffs argue the Court should grant them leave to file a second summary judgment motion because there is no genuine dispute as to the only material facts remaining for trial—that is, the facts required to calculate damages. (Doc. No. 74 at 1–2). Put another way, Plaintiffs assert that the merits of their motion justify its late filing.

Defendants respond, correctly, that the merits of a late-filed motion are irrelevant to the good cause inquiry. (Doc. No. 81) (citing Remediation Products, Inc. v. Adventus Americas Inc., No. 307CV00153-RJC-DCK, 2009 WL 101692, at *1 (W.D.N.C. Jan. 8, 2009). Instead, Rule 16's "good cause" inquiry focuses primarily on "the diligence of the moving party." Montgomery v. Anne Arundel Cty., 182 Fed. Appx. 156, 162 (4th Cir. 2006) (per curiam) (unpublished).

If a diligent party could not have reasonably satisfied the Court's deadlines, there is good cause for modification of the scheduling order. See Cook v. Howard, 484 Fed. Appx. 805, 815

2

(4th Cir. 2012); United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007). Here, Plaintiffs' motion for summary judgment in full could not have complied with the Court's scheduling order. That is because Plaintiffs second motion is predicated on the Court's order granting Plaintiffs' prior motion for partial summary judgment, which was not entered until January 17, 2024, several months after the motions deadline passed on July 5, 2023. Thus, the Court finds good cause and consents to modification of the scheduling order insofar as it grants Plaintiffs leave to file their second summary judgment motion.

Even if Plaintiffs could not establish good cause for modification of the scheduling order, this Court could (and would) still grant Plaintiffs' request for leave to file a second summary judgment motion under Federal Rule of Civil Procedure 56(f)(3). According to Rule 56(f)(3), a district court may grant summary judgment "on its own after identifying for the parties material facts that may not be genuinely in dispute" after giving notice and reasonable time to respond. Plaintiffs' motion, at the very least, identifies material facts that may not be genuinely in dispute. The Court will therefore grant Plaintiffs' request for leave to file a second summary judgment motion, and hereby provides Defendant with notice and reasonable time to respond.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiffs' motion for summary judgment in full and leave for same, (Doc. No. 74), is **GRANTED IN PART**. Specifically, the Court **GRANTS** Plaintiffs' request for leave to file a second summary judgment motion but **RESERVES** its ruling on the merits thereof.

**IT IS FURTHER ORDERED** that Defendants shall have 30 days from the entry of this order to file a substantive response to the merits of Plaintiffs' second motion for summary judgment.

Signed: April 17, 2024

Max O. Cogburn Jr.
United States District Judge